■ HOME INSURANCE COMPANY, Appellant, v MICHAEL SCOVOTTI et al., Respondents. — In a proceeding to stay arbitration, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated November 10, 1982, as, upon renewal and reargument, adhered to a prior order and judgment (one paper) of the same court, dated September 17, 1982, which dismissed the petition. Order reversed, insofar as appealed from, on the law and the facts, without costs or disbursements, order and judgment dated September 17, 1982 vacated, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith, upon condition that within 20 days after service upon it of a copy of the order to be made hereon, with notice of entry, petitioner serve a supplemental notice of petition and amended petition upon Thomas Rand and the Aetna Insurance Company setting forth a cause of action against those parties for a judgment declaring that the latter's disclaimer of coverage to the former concerning the automobile accident in question was invalid. Petitioner is hereby granted leave to serve such supplemental notice of petition (CPLR 305, subd [a]) and amended petition (CPLR 3025, subd [b]). In the event that the foregoing condition is not complied with, order affirmed, insofar as appealed from, without costs or disbursements. Respondent Michael Scovotti was involved in an automobile accident with a vehicle owned and operated by Thomas Rand. As a result, Scovotti and his wife commenced an action against Rand to recover damages for personal injuries, etc. When Rand's insurer, the Aetna Insurance Company (hereinafter Aetna), disclaimed coverage on the ground that it had not received timely notice of the accident, the Scovottis served a demand for arbitration under the uninsured motorist endorsement of the policy covering the vehicle that Michael Scovotti was driving. The Home Insurance Company, which had issued that policy, timely commenced this proceeding to stay arbitration, alleging "[u]pon information and belief" that Aetna's disclaimer was invalid. Special Term dismissed the petition. Four days after the dismissal, the petitioner moved to renew and reargue, alleging again that Aetna's disclaimer was invalid. In support of its motion, petitioner presented the findings of a private investigator indicating that Rand had made a written report of the accident on the day it occurred and that the report had been promptly forwarded to Aetna. Upon granting leave to renew and reargue, Special Term adhered to its previous order and judgment dismissing the petition. In our view, having granted leave to renew and reargue, Special Term erred in failing to grant a hearing on the petition to stay arbitration. In circumstances such as those at bar, a hearing is warranted where the petitioner insurance company presents some evidence that the offending vehicle is, in fact, insured (see *Aetna Ins. Co. v Logue,* 68 Misc 2d 841). The private investigator's report, submitted in support of the motion at bar, was sufficient to raise that issue and, accordingly, a hearing should have been ordered. Moreover, in order to avoid the possibility of a multiplicity of suits involving the issue of Aetna's disclaimer, the interests of judicial economy dictate that petitioner join both Rand and Aetna as parties to this proceeding and amend its pleading to set forth a cause of action against them for a judgment declaring the invalidity of that disclaimer (cf. *Matter of Country-Wide Ins. Co. [Leff],* 78 AD2d 830). Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.