■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v ADELE FARKAS, Respondent. — Order, Supreme Court, New York County (Eugene Wolin, J.), entered June 29, 1982 denying appellant's application to stay arbitration of respondent's uninsured motorist claim, made pursuant to uninsured motorist indorsement, unanimously reversed, on the law, without costs and disbursements, and the application to stay arbitration is granted pending determination at a preliminary trial of the issue of the insurance status of the alleged tort-feasor and of the offending vehicle. Appeal from the order, the same court and justice, dated September 10, 1982 denying reargument, is dismissed, without costs, as nonappealable. Respondent (Adele Farkas), a passenger in a vehicle owned by her husband, insured by appellant (Aetna Casualty & Surety Company), was allegedly injured in a two-car automobile accident involving a vehicle operated by one Robert Baker on the New Jersey Turnpike. Farkas served a demand for arbitration of her uninsured motorist's claim. Aetna commenced this proceeding to stay arbitration based upon an attorney's affidavit, stating: "5. Investigation has revealed that at the time of the accident, the adverse motor vehicle which was owned and operated by Robert Baker was insured by Travelers Insurance Company under policy no. 103 PPR 637403 P. 6. There must be a Court hearing to determine whether or not the adverse vehicle was in fact insured by Travelers Insurance Company." In opposition Farkas submitted a letter from Travelers Insurance Company concerning the identically numbered policy referred to in Aetna's papers, which stated: "This is to advise you that the vehicle Mr. Bakker was driving at the time of the accident, a 1968 Chevy, was not on his insurance policy at the time. Due to this fact, the vehicle was not insured at the time of the loss, therefore, we can not make any voluntary payment, and we must respectfully decline to honor your claim." No further evidence was submitted by either side. Although there is no hard evidence on either side, there are plainly triable issues as to whether the vehicle operated by Baker (Bakker) was owned by him and whether it was insured, or whether Baker himself was insured under a policy which covered any vehicle which he might be driving,

the usual type of insurance. On motion for reargument Aetna suggests the vehicle may have been a "replacement" vehicle for the vehicle named in the policy and that the policy may be an "assigned risk" policy. Such issues must be resolved at a hearing before arbitration may be had (*Matter of MVAIC v Malone*, 16 NY2d 1027). Thus it appears two great insurance companies are imposing upon the court and the injured party the burden of a trial over an ultimate issue which could easily be disposed of by stipulation or by furnishing the court with such direct evidence as exists to determine the facts. The procedure followed by these insurers defeats the very purpose of "no-fault" insurance. Such imposition on the court and litigants was decried long ago in a careful opinion by Justice Samuel Silverman, then at Special Term (*Aetna Ins. Co. v Logue*, 68 Misc 2d 841). Apparently this wasteful procedure still continues. Perhaps appropriate action by the Superintendent of Insurance might be helpful since both this court and the trial courts are too often burdened with such unnecessary litigation. Travelers Insurance Company should be made a party upon remand. Concur — Kupferman, J. P., Sandler, Fein, Milonas and Alexander, JJ.