■ In the Matter of the Arbitration between ALLCITY INSURANCE COMPANY, Appellant, and CATHERINE ARMETTA, as Administratrix of the Estate of SAL ARMETTA, Deceased, Respondent.—Order, Supreme Court, New York County (Martin B. Stecher, J.), entered February 7, 1985, which, in a proceeding to stay arbitration demanded under an uninsured motorist indorsement of a policy issued by petitioner, granted petitioner's motion to stay the arbitration pending determination of certain issues, modified, on the law, without costs, to grant petitioner's motion for a permanent stay of arbitration.

On June 24, 1977, while operating a van insured by petitioner, the respondent's late husband sustained injuries resulting in his death when the van was struck in the rear by an apparently uninsured tractor trailer operated by William Fletcher and owned by Archie Fletcher, Wisconsin residents.

On May 8, 1978, respondent commenced an action in the United States District Court in New Jersey against the Fletchers seeking to recover damages for decedent's conscious pain and suffering and wrongful death. The Fletchers interposed no answer in that action and never appeared.

In a letter dated September 5, 1978, petitioner was informed by respondent's attorney that the above-described occurrence "may involve the uninsured endorsement of your policy of insurance", and was requested to provide the attorney with "whatever Proofs of Loss or Notices of Claim that may be required with respect to a claim under the uninsured endorsement." Petitioner did not respond to this letter.

On December 8, 1978, default judgments were entered against the Fletchers in the Federal action, and thereafter an inquest was held at which damages totaling $249,232.89 were awarded to respondent in March 1982.

In July 1984, respondent served a demand for arbitration under the uninsured motorist indorsement of the policy. Petitioner moved to stay the arbitration permanently on various grounds. In the order appealed from, Special Term granted a temporary stay pending resolution of several issues. We modify the order to the extent of granting petitioner's motion for a permanent stay of arbitration.

The uninsured motorist indorsement of the policy issued included the standard provision that "[w]ithin 90 days or as soon as practicable, the insured or other person making claim shall give to the company written notice of claim under this endorsement." Accepting that the letter by respondent's attorney to petitioner was an appropriate notice of claim, the record is clear that it was sent some 14 months after the accident. Respondent asserts that she first became aware of the possible uninsured status of the Fletcher vehicle when the Fletchers failed to enter an appearance in the action commenced in the United States District Court in New Jersey. However, respondent's papers include no intimation that any effort whatever had been made to inquire into the insured status of the Fletcher vehicle prior to the letter from respondent's counsel to petitioner, or indeed for a considerable time thereafter.

The principle is firmly established that: "A claimant who has not complied with the 90-day notice requirement must show he had diligently sought to determine whether insurance coverage exists during the critical period preceding the giving of notice [citations omitted]." *(State Farm Mut. Auto. Ins. Co. v Romero,* 109 AD2d 786, 787; *see also, Matter of Lloyd [MVAIC],* 23 NY2d 478, 482.)

Respondent's unexplained failure to make any effort to determine the insured status of the Fletcher vehicle for the period indicated above precludes any determination that the notice had been filed "as soon as practicable".

In view of this dispositive circumstance, we find it unnecessary to consider the other grounds advanced by petitioner in behalf of its motion for a permanent stay of arbitration. Concur—Sandler, J. P., Sullivan, Fein, Kassal and Rosenberger, JJ.