■ In the Matter of Arbitration between PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, and EMANUEL BINDER et al., Respondents.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered October 18, 1985, which denied petitioner-appellant's application to stay arbitration of respondent-respondent's uninsured motorist claim made pursuant to an uninsured motorist indorsement, unanimously reversed, on the law, without costs and disbursements, and the application to stay arbitration is granted pending

remand for a preliminary trial of the threshold issue of the insurance status of the alleged offending vehicle on the date of the accident.

On July 7, 1984, respondent Binder was struck, in Manhattan, by a 1984 Ford van driven by one Steven R. Katz and registered to Ford Enterprises Corp. A police report, dated July 10, 1984, states that the Katz vehicle was uninsured and that a summons was issued to him for that reason.

On October 31, 1984, Binder submitted a claim to petitioner for no-fault insurance benefits for which he received payment for lost wages; on January 11, 1985, Binder gave written notification of his claim under the uninsured motorist indorsement, under a policy issued to him by petitioner; and, on March 28, 1985, Binder demanded arbitration under said indorsement, claiming that the Ford van was uninsured at the time of the accident.

Petitioner moved for a stay of arbitration on the grounds that, at the time of the accident, the offending vehicle was insured by Crum & Forster, named as additional respondent, and, in any event, respondent had failed to furnish written notice of the uninsured motorist claim within 90 days of the occurrence or "as soon as practicable", pursuant to the terms of the policy.

Special Term denied petitioner's application for a stay of arbitration. That court found that petitioner had failed (1) to present evidence that insurance coverage did exist on the date of the accident, and (2) to show that the uninsured motorist claim was not timely made.

We disagree and reverse.

The record contains a Department of Motor Vehicles form FS-25 which shows that the offending vehicle was insured by North River Insurance Company, a subsidiary of Crum & Forster, on January 18, 1984, the date of the offending vehicle's last registration. Although this is not indicative of the fact that insurance was in effect on the date of the accident, it does present a genuine issue as to whether or not the vehicle was insured at that time. *(See, Matter of National Sur. Corp. v Valentin,* 87 AD2d 769, 770.)

We find triable issues of fact exist which warrant a hearing to ascertain whether or not the offending motor vehicle did, in fact, have valid insurance coverage on the date of the accident *(Matter of Aetna Cas. & Sur. Co. [Maril],* 102 AD2d 772; *Matter of Aetna Cas. & Sur. Co. v Farkas,* 97 AD2d 376, 377; *Home Ins. Co. v Scovotti,* 92 AD2d 911). Furthermore, whether

or not respondent's written notice of his claim under the uninsured motorist indorsement, given within six months of the accident, was "as soon as practicable", as required by the policy should also be determined. *(See, Matter of Allcity Ins. Co. [Armetta],* 117 AD2d 570; *cf. Power Auth. v Westinghouse Elec. Corp.,* 117 AD2d 336.)

A determination of the insurance coverage issue must occur before the claim notification issue can be resolved. Therefore, arbitration on the uninsured motorist indorsement of respondent's policy should be stayed pending the resolution of the insurance coverage issue at a preliminary trial. Concur—Kupferman, J. P., Carro, Asch, Kassal and Ellerin, JJ.