■ Frances Maricondo, as Committee for William Maricondo, a Judicially Declared Incompetent Person, Appellant, v State of New York, Respondent. (Claim No. 65065.)—In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Silverman, J.), dated November 25, 1987, which dismissed his claim.

Ordered that the judgment is affirmed, without costs or disbursements.

At about 5:15 P.M. on November 17, 1980, the claimant was a passenger in a van that was traveling west on Route 109 in Suffolk County. About 500 feet east of the ramps to Route 110, a truck that was in front of the van turned into a median opening, or "cut", to make a U-turn. As the van was passing the stopped truck it struck either the rear of the truck or pipes that were protruding from the truck. The van went out of control and crossed the median, running into an eastbound fire engine.

The claimant contended that the State was responsible for the accident because it had removed an isolated length of median barrier that was near the "cut". The record reveals that the engineer who ordered that the barrier be removed determined that it was erected in accordance with a maintenance decision, not a planning decision, and that its retention was not required under the standards contained in the New York State Highway Design Manual. It is therefore apparent that the decision to remove the barrier was supported by an adequate study and that it had a reasonable basis (see, Friedman v State of New York, 67 NY2d 271; Weiss v Fote, 7 NY2d 579). Further, the record supports the trial court's determination that the highway "cut" was properly placed and designed at the time it was constructed.

We have considered the claimant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.