◼ In the Matter of METROPOLITAN PROPERTY AND LIABILITY COMPANY, Respondent, v JOSEPH PISANELLI, Appellant, and UNIGARD INSURANCE GROUP et al., Respondents.—In a proceeding to stay arbitration of an uninsured motorist claim, Joseph Pisanelli appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered February 10, 1988, which granted the petitioner a temporary stay of arbitration pending a hearing on the threshold issues of whether there was physical contact with the offending vehicle and whether that vehicle was insured and which denied appellant's cross petition to add additional respondents to the proceeding.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from so much of the order as directs a hearing, the

application is referred to Justice Harwood, and leave to appeal is granted by Justice Harwood (CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision granting a hearing on the threshold issue of whether there was physical contact with the offending vehicle, and (2) deleting the provision thereof which denied the cross petition, and substituting therefor a provision granting the cross petition to the extent that Unigard Insurance Group and Hanover Insurance Company are added to this proceeding as additional respondents; as so modified, the order is affirmed, with one bill of costs to the appellant, and the matter is remitted to the Supreme Court, Dutchess County, for an evidentiary hearing only on the threshold issue of whether the vehicle that struck the appellant's son on August 13, 1985 was insured at the time of that occurrence.

On August 13, 1985, Robert Pisanelli, the son of the appellant Joseph Pisanelli, was injured when struck by a vehicle owned and operated by Michael O'Dell. The accident allegedly took place on the premises of O'Dell's commercial garage. After being advised that the vehicle was uninsured, the appellant served a demand for arbitration upon his insurer, the petitioner the Metropolitan Property and Liability Company (hereinafter Metropolitan), under the uninsured motorist endorsement of his automobile liability policy. Metropolitan subsequently moved to stay arbitration, alleging, *inter alia,* that there was no proof of contact between Robert and the O'Dell vehicle and that the vehicle was in fact covered by insurance at the time of the accident. The appellant opposed the motion and cross-moved for leave to add as additional respondents to this proceeding two prospective insurers of the O'Dell vehicle, Unigard Insurance Group (hereinafter Unigard) and Hanover Insurance Company (hereinafter Hanover), as well as O'Dell himself.

The record reveals that Hanover had issued a policy that included the O'Dell vehicle as a covered vehicle. This policy apparently had been canceled by Hanover approximately three months prior to the accident because of two accidents involving the vehicle. In addition, Unigard had issued a policy covering O'Dell's automobile repair business, where the O'Dell vehicle was stored and where the accident took place.

The application for a stay of arbitration was granted to the extent that the Supreme Court ordered a hearing to determine the two threshold issues of whether there was contact

with the O'Dell vehicle and whether that vehicle was insured at the time of the accident. The cross petition was denied. We modify the order.

Inasmuch as the accident involves an identifiable driver, the issue of whether there was actual physical contact is irrelevant (cf., Insurance Law § 3420 [f] [3]; Matter of Prudential Prop. & Cas. Ins. Co. v Hobson, 67 NY2d 19). The question of whether the vehicle was insured is, however, raised by the present record and the hearing should proceed for a determination of that issue alone. There is a factual question as to whether a policy that was in effect with respect to the offending vehicle had been canceled by Hanover in accordance with the requirements of Barile v Kavanaugh (67 NY2d 392; see, Matter of Travelers Indem. Co. v Shepard, 125 AD2d 681). There is also a factual question with respect to whether the garage policy issued by Unigard covered the O'Dell vehicle at the time of the accident. These questions pertain directly to the issue of whether the vehicle was insured at the time of the accident and should be determined at a hearing (see, Matter of Public Serv. Mut. Ins. Co. [Binder], 121 AD2d 903; Matter of Aetna Cas. & Sur. Co. v Farkas, 97 AD2d 376). In order to avoid unnecessary future litigation, Unigard and Hanover should be added as additional respondents at the hearing (see, Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, 79 AD2d 1029). Since the question of whether there was in fact an accident is not at issue, O'Dell need not be added as a respondent. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.