■ In the Matter of the Arbitration between METROPOLITAN PROPERTY & LIABILITY COMPANY, Appellant, and JOSEPH PISANELLI et al., Respondents.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered March 29, 1990 in Dutchess County, which, *inter alia,* denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On August 13, 1985, 10-year-old Robert Pisanelli was struck by a 1979 Dodge Ram Charger owned and operated by Michael O'Dell on the premises of O'Dell's commercial garage. After being advised that the vehicle was uninsured, respondent Joseph Pisanelli (hereinafter respondent), the infant's father, served a demand for arbitration upon petitioner, his own insurer. Petitioner moved to stay arbitration alleging, *inter alia,* that a threshold issue of whether the striking vehicle was uninsured at the time of the incident had to be resolved because of possible coverage of the vehicle by respondents Unigard Insurance Group and Hanover Insurance Company. Respondent then cross-moved to add Unigard and Hanover as parties should petitioner's application be granted. Supreme Court granted a temporary stay pending a hearing. On appeal the Second Department modified by ordering a hearing only on the issue of vehicular insurance and by

adding Unigard and Hanover as additional respondents *(Matter of Metropolitan Prop. & Liab. Co. v Pisanelli,* 151 AD2d 761).

Upon remittal and hearing, Supreme Court determined that Unigard's policy was applicable to O'Dell's garage but only as to listed vehicles. Because the 1979 Dodge Ram Charger was not so identified, the Unigard policy was held to be inapplicable. Accordingly, the court, based also upon O'Dell's admission that whatever previous insurance existed on the vehicle had lapsed, denied the application for a stay and ordered petitioner and respondent to proceed to arbitration. This appeal by petitioner ensued.

We affirm. Initially, we reject petitioner's contention that the use of the vehicle was covered under the Unigard policy's "Garage operations" provision or, alternatively, that an ambiguity exists which should be construed against Unigard as an insurer. Unigard's policy clearly defines "Garage operations" as "the ownership, maintenance or use of the autos *indicated in PART II as covered autos"* (emphasis supplied). There is no listing in part II of the 1979 Dodge Ram Charger. Accordingly, we are powerless to disturb Supreme Court's conclusion that, inasmuch as the vehicle was unlisted, it was not covered by Unigard's garage policy.

Next, critical to a review of Supreme Court's determination that the O'Dell vehicle was not insured by Hanover at the time of the accident is the propriety of the court's exclusion from evidence of an alleged notice of cancellation by Hanover, which petitioner intended to reveal as insufficient. Petitioner argues that, because Hanover's counsel attached the alleged notice to an affidavit in support of its opposition to respondent's motion to add it as a party, the notice was before the court as a pleading which obviated the need for an evidentiary foundation. However, under these circumstances, we do not view the attached documents to counsel's affidavit as constituting a pleading *(see, Agresta v Federal Steam Nav. Co.,* 169 App Div 467, 468) such as to preclude the need to lay a proper foundation for the introduction of the alleged notice of cancellation into evidence. Because petitioner clearly failed to supply the foundation required to introduce the notice of cancellation *(see, Matter of Peerless Ins. Co. v Milloul,* 140 AD2d 346; *Moodie v American Cas. Co.,* 28 AD2d 946; cf., *Bullock v Hanover Ins. Co.,* 144 AD2d 416, 417), Supreme Court properly excluded that evidence. Accordingly, petitioner was properly ordered to proceed to arbitration.

Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with one bill of costs.