■ MICHELLE FARES et al., Appellants, v ALFRED L. FOX, Respondent. [603 NYS2d 892] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, on the basis of inadequacy, from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered April 22, 1991, which, upon a jury verdict, is in favor of the plaintiff Michelle Fares and against the defendant in the principal sum of only $35,000, and fails to award the plaintiff Christine Fares any damages on her derivative claim.

Ordered that the judgment is affirmed, with costs.

Michelle Fares, a 16-year-old high school student, sustained a fracture to her right clavicle, and permanent scarring to her right leg, when the automobile in which she was a passenger struck another automobile. At the close of the plaintiffs' case on the issue of liability, the court granted their motion for judgment as a matter of law, finding the defendant 100% at fault in the happening of the accident. After a trial on damages, the jury awarded the plaintiff Michelle Fares the

principal sum of $35,000. The jury failed to award any damages to the plaintiff Christine Fares on her derivative claim for loss of services. We affirm.

CPLR 5501 (c) provides that "the appellate division shall determine that an award is excessive or inadequate if it deviates materially from what would be reasonable compensation." Michelle Fares was never prescribed any pain medication except Tylenol, which she took while in the hospital. She did not require any surgery, and her rehabilitation consisted of whirlpool baths. The fractured clavicle has healed and she has no limitation on her range of motion. In addition, while the scarring on her legs is permanent, and there was testimony as to her embarrassment and self-consciousness, there was conflicting testimony as to whether Michelle Fares was reluctant to wear clothes which reveal her legs. With respect to the plaintiff Christine Fares's derivative claim, there was no evidence of any past or future expenses incurred by her as a result of her daughter's injury. Since the amount of damages is primarily a question of fact for the jury, great deference must be accorded to its interpretation. We refuse to set aside the jury's verdict as inadequate with respect to either plaintiff, since the verdict is supported by a fair interpretation of the evidence *(see, Esner v Janisziewski,* 180 AD2d 991).

We also find no merit in the plaintiffs' contention that the court improperly refused to grant their request for a missing document charge. In order to receive a missing document charge, a party must make a prima facie showing of entitlement, i.e., that the documents in question actually existed and were in the adversary's control *(see, Matter of Metropolitan Prop. & Liab. Co. [Pisanelli],* 175 AD2d 469). We find that the plaintiffs failed to meet this burden.

The plaintiffs' remaining contention is unpreserved for appellate review *(see, Barry v Manglass,* 55 NY2d 803). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.