■ ALEXANDER FIGUEROA et al., Appellants, v WALDBAUM'S INCORPORATED, Respondent. [635 NYS2d 251] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Ain, J.), entered June 29, 1994, which, upon a jury verdict, is in favor of the infant plaintiff in the principal sum of only $35,000.

Ordered that the judgment is affirmed, with costs.

The plaintiffs contend that the trial court erred in failing to set forth in the verdict sheet various aspects of the infant plaintiff's injury for which the jury could award damages. However, with the exception of future disability, this conten-

tion is not properly before us because the plaintiffs did not complain of some of the omissions until after the jury commenced deliberations or complain of others until this appeal *(see,* CPLR 4110-b; *De Long v County of Erie,* 60 NY2d 296, 306; *Goldberg v Wirtoko,* 182 AD2d 350; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Moreover, given the evidence presented in this case and the damages ultimately awarded by the jury, we decline to review the plaintiffs' contention in the exercise of our interest of justice jurisdiction to the extent that it is unpreserved for appellate review.

The trial court properly refused to set forth the issue of future disability in the verdict sheet since the plaintiffs produced no evidence that the infant plaintiff suffered or would likely suffer any permanent limitation as a result of the injury to his finger. Rather, the testimony of the infant plaintiff's treating physician unequivocally established that he had regained the full range of motion in his finger less than one year after the accident, that he suffered no degree of disability at the time of trial, and that the question of whether he might develop problems in the future could not be predicted with a reasonable degree of medical certainty. Moreover, the record is replete with evidence that the infant plaintiff fully participates in activities common to children of his age. Accordingly, the plaintiffs' speculative contention is without merit and presents no ground for disturbing the damages award *(see generally, Rivera v State of New York,* 205 AD2d 602; *Fares v Fox,* 198 AD2d 396).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Altman, Friedmann and Florio, JJ., concur.