■ DAVID PORTER et al., Appellants-Respondents, v ROBERT SAAR, Respondent-Appellant, and GALBREATH COMPANY et al., Respondents. [688 NYS2d 137] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 9, 1998, following a jury trial which awarded plaintiffs the principal sum of $200,000 as against defendant Saar, which brings up for review an order of the same court and Justice, entered on or about February 13, 1997, which granted defendants' CPLR 3211 (a) (7) motion dismissing plaintiffs' claims of tortious interference with business relations against all defendants, aiding and abetting a breach of fiduciary duty against the Trump defendants, and defamation against defendant Scott Coopchik, and an order of the same court and Justice, entered on or about November 18, 1997, which denied certain defendants' motion to set aside the verdict as against the weight of the evidence but released defendants other than Rob-

ert Saar from liability, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant Robert Saar dismissing the complaint as against him. Appeal from said orders unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

This matter arose as the result of plaintiffs' alleged efforts to reach an agreement with the Chemehuevi Indian Tribe (the Tribal Council) for the development of a casino resort on their reservation, located in Lake Havasu, California, and defendants' alleged interference with such relationship, breaches of contract and fiduciary duties, and defamation of plaintiffs. Upon these theories, plaintiffs seek to recover the lost value of their relationship with the Tribal Council, for which there was allegedly a market, and future profits of $10 to 50 million that would have resulted from the operation of the resort.

The trial court erred in failing to set aside the verdict as unsupported by legally sufficient evidence, where plaintiffs' evidence was speculative as to the value of their relationship with the Tribal Council at the time the relationship was terminated, and where plaintiffs failed to prove with reasonable certainty the plaintiffs' loss of future profits, that defendants' breach resulted in such loss, and that such loss was fairly contemplated by the parties at the time they went to contract (*see*, *Kenford Co. v County of Erie*, 67 NY2d 257, 261; *Goodstein Constr. Corp. v City of New York*, 80 NY2d 366, 374). The proof of damages offered by plaintiffs at trial consisted of plaintiff Gray's testimony regarding an alleged $5 million offer to purchase plaintiff brokerage firm's interest and influence in the casino resort development negotiations, his testimony as to expenses incurred ($465,000) over a 3-year period in preparing a development plan and obtaining development rights, including the time and effort expended in cultivating a relationship with the distrustful Tribal Council, and the projections of operating revenues cited in the development's prospectus.

The speculative quality of this evidence as to the value of lost profits and of plaintiffs' relationship with the Tribal Council is readily apparent, and the evidence as to expenses is irrelevant here, in the absence of any theory or prayer for such recovery. Also, the brokerage agreement with defendant Saar failed to specify liability for lost future profits.

The trial court's exclusion of plaintiffs' proposed damages expert was proper here, where the record shows that, upon voir dire as to his qualifications on the subject, it found him

incompetent to render an expert opinion as to the market value, if any, of plaintiffs' business relationship with the Tribal Council (*Werner v Sun Oil Co.*, 65 NY2d 839, 840; *Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 398-399).

Dismissal of plaintiffs' defamation claim was proper where the words in question could not reasonably be read as defamatory when "construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader", as opposed to having a forced, artificial construction imposed upon them (*Aronson v Wiersma*, 65 NY2d 592, 594; *Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076). The comments attributed to defendant Coopchik in The New York Post were in the nature of a general denial of plaintiff Gray's accusations of misconduct, not an attack on plaintiffs.

Plaintiffs' allegation that the court deprived them of a fair trial by virtue of numerous interruptions of the proceedings and biased interjections and conduct is without merit. The court's actions are supported by the record and are consistent with the proper exercise of the court's broad authority "to control the courtroom, rule on the admission of evidence, elicit and clarify testimony, expedite the proceedings and to admonish counsel and witnesses when necessary" (*Campbell v Rogers & Wells*, 218 AD2d 576, 579; *Matter of Brostoff v Berkman*, 170 AD2d 364, 365, *affd* 79 NY2d 938, *cert denied* 506 US 861).

Plaintiffs' remaining contentions are academic in view of the foregoing, and in any case, upon our review, have been found to be without merit. Concur—Nardelli, J. P., Williams, Tom and Andrias, JJ.