■ GOVIND K. CHARY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 84591A.) [696 NYS2d 331] —Judgment unanimously affirmed without costs. Memorandum: This action was commenced to recover damages for injuries sustained by claimant in a head-on automobile accident on a two-lane section of the Southern Tier Expressway (STE). The accident occurred when a westbound vehicle crossed the center line and struck claimant's eastbound vehicle. Claimant alleged that the accident was proximately caused by the absence of a barrier between the eastbound and westbound lanes, and that defendant was negligent in failing to design and maintain the two-lane section in a manner that would guard against crossover accidents.

The Court of Claims properly dismissed the claim. The record supports the court's determination that the decision not to erect a median barrier in the two-lane section of the STE was the result of adequate study and had a reasonable basis (*see,*

*Weiss v Fote,* 7 NY2d 579, 589, *rearg denied* 8 NY2d 934; *Light v State of New York,* 250 AD2d 938, 989, *lv denied* 92 NY2d 807; *Maricondo v State of New York,* 151 AD2d 651, 652, *lv denied* 75 NY2d 702). Although claimant presented expert testimony that a median barrier should have been installed in the area of the accident, "something more than a mere choice between conflicting opinions of experts is required before the State * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra,* at 588; *see, Light v State of New York, supra,* at 989).

The court properly rejected as untimely claimant's request that it draw an adverse inference against defendant with respect to missing witnesses (*see, People v Gonzalez,* 68 NY2d 424, 427-428; *Spoto v S.D.R. Constr.,* 226 AD2d 202, 204), and claimant failed to make a prima facie showing that an adverse inference should be drawn against defendant with respect to missing documents (*see, Cidieufort v New York City Health & Hosps. Corp.,* 250 AD2d 720, 721; *Fares v Fox,* 198 AD2d 396, 397). Finally, we reject claimant's contention that the manner in which the court conducted the trial was fundamentally unfair. The court properly exercised its broad authority to control the conduct of the trial (*see, Porter v Saar,* 260 AD2d 165; *Ingebretsen v Manha,* 218 AD2d 784). (Appeal from Judgment of Court of Claims, Lane, J.—Negligence.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.