# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1462
CA 12-00961
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

MIDSTATE MUTUAL INSURANCE COMPANY, AS SUBROGEE
OF DOREEN L. TOPOREK AND MICHAEL I. RUI,
PLAINTIFF-APPELLANT,

              V                       MEMORANDUM AND ORDER

CAMP ROAD TRANSMISSIONS, INC., DEFENDANT,
AND LAKESHORE TIRE & AUTO, INC.,
DEFENDANT-RESPONDENT.
(ACTION NO. 1.)
------------------------------------------------
DOREEN L. TOPOREK AND MICHAEL I. RUI,
PLAINTIFFS-APPELLANTS,

              V

CAMP ROAD TRANSMISSIONS, INC., DEFENDANT,
AND LAKESHORE TIRE & AUTO, INC.,
DEFENDANT-RESPONDENT.
(ACTION NO. 2.)

---

GALLO & IACOVANGELO, LLP, ROCHESTER (AMANDA R. INSALACO OF COUNSEL),
FOR PLAINTIFF-APPELLANT MIDSTATE MUTUAL INSURANCE COMPANY, AS SUBROGEE
OF DOREEN L. TOPOREK AND MICHAEL I. RUI.

GARVEY & GARVEY, BUFFALO (MATTHEW J. GARVEY OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS DOREEN L. TOPOREK AND MICHAEL I. RUI.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (SEAN W.
COSTELLO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeals from a judgment and order (one paper) of the Supreme
Court, Erie County (Diane Y. Devlin, J.), entered July 29, 2011. The
judgment and order, among other things, denied the motion of
plaintiffs to set aside the jury verdict.

It is hereby ORDERED that the judgment and order so appealed from
is unanimously affirmed without costs.

Memorandum: Action No. 1 was commenced by plaintiff, Midstate
Mutual Insurance Company (Midstate), as subrogee of Doreen L. Toporek
and Michael I. Rui, and Toporek and Rui (hereafter, plaintiffs) in
turn commenced action No. 2 seeking damages related to a fire in a
pick-up truck owned by Toporek that spread to plaintiffs' home.

Midstate and plaintiffs alleged in their respective actions that defendants were negligent with respect to certain repairs.  The jury returned a verdict in favor of defendants, and Supreme Court denied the motion of Midstate and plaintiffs pursuant to CPLR 4404 seeking a new trial.

On appeal, Midstate and plaintiffs contend that the court abused its discretion in denying their request for a missing witness charge at the joint trial with respect to the sole shareholder of defendant Lakeshore Tire & Auto, Inc. (Lakeshore), and Lakeshore's employee.  We reject that contention.  Although the attorney for Lakeshore indicated during his opening argument that those witnesses would testify about repairs made to the vehicle, Midstate and plaintiffs failed to establish that the charge was warranted because no material fact about which those witnesses would testify was at issue (*see generally Doviak v Lowe's Home Ctrs., Inc.*, 63 AD3d 1348, 1352).  Lakeshore agreed with the testimony of plaintiffs' witnesses regarding what repairs were made and further agreed that its employees did not detect a faulty fuel line.  The only disputed issue was the cause of the fire, which was the subject of expert testimony.  We further note that, in any event, the request for the missing witness charge was not timely inasmuch as it was not made until after the close of proof, rather than at the time Midstate and plaintiffs became aware that Lakeshore would not call the witnesses (*see Chary v State of New York*, 265 AD2d 913, 914; *see generally People v Gonzalez*, 68 NY2d 424, 427-428).

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court