Matter of Elco Admin. Servs. v Bones-Rojos (2019 NY Slip Op 07227)





Matter of Elco Admin. Servs. v Bones-Rojos


2019 NY Slip Op 07227


Decided on October 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2019

Friedman, J.P., Sweeny, Richter, Mazzarelli, Webber, JJ.


10027N 20046/17E

[*1] In re Elco Administrative Services, Petitioner-Respondent,
v
Marlene Bones-Rojos, et al., Respondents, MGA Insurance Company, Inc., Respondent-Appellant.


Picciano & Scahill, P.C., Bethpage (Albert J. Galatan of counsel), for appellant.
Carman, Callahan & Ingham, LLP, Farmingdale (Anne P. O'Brien of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered December 5, 2018, which granted petitioner' motion for a permanent stay of arbitration to the extent of temporarily staying arbitration so that a framed issue hearing could be held to determine whether the offending vehicle was uninsured or underinsured and whether respondent complied with her discovery obligations, and amended the caption to add Melissa Blackellar, Shawn Sewell, and MGA Insurance Company, Inc. (MGA) as respondents, unanimously modified, on the law, to temporarily stay arbitration pending a hearing on the issue of personal jurisdiction as to MGA before a hearing on the coverage issue, and otherwise affirmed, without costs.
A hearing must be directed to determine whether there was personal jurisdiction over respondent insurer MGA (see Matter of Preferred Mut. Ins. Co. [Fu Guan Chan], 267 AD2d 181, 182 [1st Dept 1999]). Issues were also raised by MGA as to whether service was proper.
A request to arbitrate an uninsured motorist claim may be stayed to establish the threshold issue of the insurance status of the alleged offending vehicle on the date of the accident (see e.g. Matter of Hereford Ins. Co. v Vasquez, 158 AD3d 470, 471 [1st Dept 2018]; Matter of Public Serv. Mut. Ins. Co. [Binder], 121 AD2d 903 [1st Dept 1986]). Here, the term "STATUTORY," which appeared on the declaration page of the policy issued by MGA to the offending vehicle in connection with personal injury
coverage, raised issues as to compliance with New York's financial responsibility law, including uninsured motorist coverage.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 8, 2019
CLERK