■ ALSY CORPORATION, Appellant, et al., Petitioners, v ALVIN GINDEL et al., Respondents. [602 NYS2d 863] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about February 24, 1993, which granted petitioner's motion for reargument and renewal and upon reargument and renewal adhered to its prior decision, entered November 16, 1992, which, *inter alia,* granted respondents' motion to compel arbitration with respect to petitioner, Alsy Corporation, unanimously affirmed, without costs. Appeal from order of said Court and Justice entered November 16, 1992 unanimously dismissed as superseded by the appeal from the February 24, 1993 order, without costs.

In light of the obvious interrelation between the instant Employment Agreements, Certificate of Incorporation, and Termination Agreements, and since the arbitration clauses contained in the Termination Agreements pertain to "any dispute or disagreement arising out of or in connection with" the Termination Agreements, the instant controversy concerning petitioner's alleged obligation to indemnify respondents for expenses incurred in the defense of claims asserted against them in the *Surrey* action, falls within the broad arbitration clauses *(see, Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91). Indeed, there is no question that there is "a reasonable relationship between the subject matter of

the dispute and the general subject matter of the underlying contract[s]" *(supra,* at 96).

We also agree with the IAS Court that the instant controversy is ripe for arbitration even though the *Surrey* action has not been finally adjudicated. Significant attorneys' fees have already been incurred by respondents in the defense of the *Surrey* lawsuit. Concur—Wallach, J. P., Ross, Asch and Rubin, JJ.