■ THOMAS A. DE SHAZO, Respondent, v PHILIP HIRSCHLER, Appellant. [724 NYS2d 145] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered October 31, 2000, which granted petitioner Thomas A. De Shazo's application to permanently stay the arbitration demanded by respondent Hirschler to the extent of staying arbitration with respect to claims 3, 4, 5 and 6, and the diversion of assets asserted in claim 2, unanimously reversed, on the law, with costs, the stay vacated and the petition dismissed.

The parties entered into two letter agreements pursuant to which respondent was to receive an ownership interest in several closely held corporations. Respondent invoked the arbitration provision contained in the two agreements, charging that the contemplated share transfers have not been effected and that funds have been diverted from the corporations to other entities and to petitioner's personal use.

Petitioner commenced this special proceeding to stay arbitration on the ground that the governing arbitration provision, incorporated into both agreements, does not encompass diversion of funds or other matters relating to the management of the corporations. Specifically, he contends that the agreements make no reference to Caspian Associates, an entity into which

respondent alleges funds were diverted, and that the only reference to Capital & Commerce International (CCI) is the recitation that the parties are "partners" in CCI and that it is an "urgent" priority to sell all or part of their interest to a "strategic or other investor." Supreme Court granted the petition to the extent of staying arbitration of those claims relating to the diversion or conversion of assets.

The subject arbitration clause provides, "Any dispute, controversy or claim arising out of, relating to or in connection with this Purchase Agreement, including without limitation any dispute as to the existence, construction, validity, interpretation, enforceability, termination or breach of this Agreement, shall be referred to, and finally settled by, international arbitration." The diversion of funds is certainly a matter "relating to * * * the * * * interpretation, enforceability * * * or breach of this Agreement" and is subject to arbitration. Nor is it germane that an entity to which funds were allegedly diverted is not a subject of the respective agreements.

It is settled that where parties have entered into an agreement containing a broad arbitration provision, the court's inquiry is limited to whether or not the subject matter of the dispute is encompassed by its provisions; the question of whether the arbitration clause governs a particular aspect of the controversy, as well as the determination of the merits of the dispute, are matters within the exclusive province of the arbitrator. As this Court stated in *Rio Algom v Sammi Steel Co.* (168 AD2d 250, 251, *lv denied* 78 NY2d 853), "The right of a party to relief under a substantive provision of the contract is not a proper consideration for the court upon an application to stay arbitration (*Matter of Franklin Cent. School [Franklin Teachers Assn.]*, 51 NY2d 348, 355), that question being a matter for resolution by the arbitrator (*Board of Educ. v Barni*, 49 NY2d 311, 314-315)."

Petitioner's failure to issue shares to respondent, his failure to find a buyer for their stake in CCI and petitioner's treatment of corporate assets as his own contravene the letter and spirit of the agreements by which the various corporate interests were conveyed. Thus, the dispute bears a reasonable relationship to the subject of the agreements. It is the public policy of this State to encourage arbitration by preventing " 'parties to such agreements from using the courts as a vehicle to protract litigation. This conduct has the effect of frustrating both the initial intent of the parties as well as legislative policy' (*Matter of Weinrott [Carp]*, 32 NY2d 190, 199). To this end the Legislature has assigned the courts a minimal role in supervis-

ing arbitration practice and procedures." (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.*, 37 NY2d 91, 95.) As to petitioner's Statute of Limitations defense, the record does not provide sufficient information to resolve the question of timeliness as to any claim asserted by respondent. Petitioner may assert the defense in arbitration (CPLR 7502 [b]). Concur— Nardelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ.