■ In the Matter of MARTIN DOMANSKY, Appellant, v JEFFREY LITTLE, Respondent. MARTIN DOMANSKY, Appellant v LEO SCHENKER, Respondent. [770 NYS2d 288]—

Order and judgment (one paper), Supreme Court, New York County (Rosalyn Richter, J.), entered July 8, 2003, which denied Martin Domansky's petition to stay the arbitration commenced by Jeffrey Little as trustee of the Abraham Rad Trust B until the Surrogate's Court determines whether Little is in fact the proper trustee, unanimously reversed, on the law and the facts, without costs, and the petition granted. Order, same court and Justice, entered July 8, 2003, which granted the Trust's motion to stay Domansky's action for breach of contract and to compel arbitration of that dispute, unanimously modified, on the law and the facts, to hold in abeyance the arbitration of Domansky's claims until the Surrogate's Court determines whether Little is the proper trustee, and otherwise affirmed, without costs.

In 1984, Domansky, Rad and nonparty Hirsch Chitrik entered into a partnership agreement which contained a broad arbitration clause: "In the event of any dispute or controversy between the parties hereto, arising under, out of or in connection with or in relation to this Agreement, the Partners agree to submit such dispute to binding arbitration before the American Arbitration Association." Rad died testate in 1991. Pursuant to his will and section 8.4 of the partnership agreement, his partnership interest passed to the Trust.

Domansky sued the Trust, claiming it had agreed to sell its partnership interest to him. The IAS court granted the Trust's motion to stay that action and compel arbitration. When faced with a broad arbitration clause, which creates "a presumption of arbitrability" (*Collins & Aikman Prods. Co. v Building Sys., Inc.*, 58 F3d 16, 23 [1995]), a court merely determines whether there is "a reasonable relationship between the subject matter of the dispute and the general subject matter of the underlying contract" (*Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 96 [1975]).

The alleged oral agreement for Domansky to purchase the

Trust's partnership interest is connected or related to the partnership agreement. Indeed, an instrument purporting to effect the sale of the Trust's partnership interest to Domansky, which was drafted by Domansky's attorney, states: "This transfer is made pursuant to Section 8.1 of the Partnership Agreement dated April 23, 1984." Because there is a reasonable relationship between the subject matter of Domansky's lawsuit (the sale of a partnership interest) and the general subject matter of the partnership agreement, the IAS court properly granted the Trust's motion to stay Domansky's lawsuit and compel arbitration (*see e.g. Alsy Corp. v Gindel*, 197 AD2d 492 [1993]).

The partnership agreement is still in effect; even if the Trust has sold its interest to Domansky, the partnership agreement would still govern the relations between the remaining partners (Domansky and Chitrik). Hence, the numerous cases cited by Domansky in which the contract containing the arbitration clause had expired or had been canceled are inapplicable. Domansky's argument that the alleged agreement concerning the sale of the Trust's partnership interest superseded the partnership agreement is for the arbitrators to decide (*see e.g. Matter of Cassone*, 63 NY2d 756, 758-759 [1984]).

Domansky's argument that the Trust lacks standing to invoke the arbitration clause in the partnership agreement because it sold its partnership interest is inextricably intertwined with the merits of the dispute (i.e., whether the Trust, in fact, agreed to sell its partnership interest to Domansky). Hence, that issue is also for the arbitrators to decide (*see e.g. Nationwide*, 37 NY2d at 95; *De Shazo v Hirschler*, 282 AD2d 257, 258 [2001]).

The other order being appealed concerns an arbitration brought by Little, as successor trustee of the Trust, against Domansky, alleging that the latter breached his fiduciary duty to his partner, the Trust. Domansky filed a petition in Surrogate's Court, in May 2003, to remove Little as trustee, which is apparently still sub judice. Domansky filed another petition in Supreme Court to stay Little's arbitration pending the Surrogate's Court's decision.

While the IAS court properly gave weight to the policy interests favoring arbitration, we believe the circumstances of this case dictate that both the arbitration brought by Little and the arbitration of Domansky's claims against the Trust should be held in abeyance until the Surrogate's Court determines whether Little is the proper trustee, i.e., whether he has authority to act on behalf of the Trust (*see e.g. Kahn v Biernbaum*, 55 AD2d 589 [1976]). The Surrogate's Court has expertise in decid-

ing whether a trustee should be removed. Furthermore, it is unclear whether even the broad arbitration clause of the partnership agreement covers Domansky's claims that Little's appointment as trustee was tainted. A brief delay in the arbitration will not unduly prejudice the parties. Finally, the issue that the Surrogate's Court is to decide (viz., whether Little's appointment as trustee was tainted) will not intrude on the issue that the arbitrators are to decide (viz., whether Domansky breached his fiduciary duty to the Trust). Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Friedman, JJ.