**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3541
_____

FIN ASSOCIATES LP; SB MILLTOWN ASSOCIATES LP; LAWRENCE S.
BERGER; ROUTE 88 OFFICE ASSOCIATES LTD; SB BUILDING ASSOCIATES
LP; ROUTE 18 CENTRAL PLAZA LLC,
Appellants

v.

HUDSON SPECIALTY INSURANCE COMPANY
_____

Appeal from the United States District Court for
the District of New Jersey
(D.C. Civ. No. 2-15-cv-02245)
District Court Judge Susan D. Wigenton
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 12, 2017
_____

Before: McKEE, AMBRO, and RESTREPO, *Circuit Judges*

(Filed: July 25, 2018)

_____

OPINION*
_____

RESTREPO, *Circuit Judge*.

---

* This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Appellants appeal the decision of the District Court granting the motion of Appellee Hudson Specialty Insurance Company ("Hudson") to compel arbitration. We will affirm.

**I**

Hudson, a property and casualty company based in New York, issued a policy to insure a group of New Jersey property owners in July of 2012. The policy covers twenty properties, nineteen of which are located in New Jersey and one of which is located in Pennsylvania. The insured properties' value exceeds $9,000,000,[1] and the policy owners initially paid a base premium insurance rate of $250,000. Appellants ("the Insureds") employed a commercial insurance broker to negotiate the terms of the policy,[2] which states that it was "written in a form bargained for, reviewed, and accepted by the parties." App. 72. The policy contains a choice-of-law provision, which states that "[t]his policy shall be interpreted solely according to the law of the State of New York." App. 72. The policy also contains an arbitration clause, providing that any dispute as to the terms and conditions of the policy, or as to the adjustment or payment of a claim, "shall be submitted to the decision of a Joint Arbitrator that the Insured and Company shall appoint jointly." App. 72.

In October 2012, Hurricane Sandy damaged many of the New Jersey properties and,

---

[1]    While the total value of all the insured properties is unclear from the record, one of the properties is valued at $9,000,000.

[2]    The Appellants are owned and managed by US Land Resources, which is the named insured on the policy.

in 2013, the Insureds filed suit asserting several causes of action related to Hudson's alleged refusal to adjust their insurance claims. Hudson filed a motion to compel arbitration or to dismiss the operative Complaint. On August 18, 2016, the District Court granted the motion to compel arbitration and denied the motion to dismiss the complaint as moot. On appeal, the Insureds argue that the choice-of-law provision should not be enforced and that under New Jersey law the arbitration clause is unenforceable.

## II

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction to review the District Court's order compelling arbitration and denying appellee's motion to dismiss the Complaint pursuant to 28 U.S.C. § 1291.

The District Court's interpretation of the terms of the insurance policy is a question of law, over which we exercise plenary review. *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 674 (3d Cir. 2016). We review the District Court's findings of fact for clear error and will set aside these findings only if they are clearly erroneous. Fed. R. Civ. P. 52(a)(6).

## III

The Insureds contend that the District Court erred by enforcing the choice-of-law provision and granting Appellee's motion to compel arbitration. We disagree.

A federal court exercising diversity jurisdiction generally applies the choice-of-law rules of the forum state, which in this case is New Jersey. *See Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 226 (3d. Cir. 2007) (citing *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941)). New Jersey courts generally uphold contractual choice-of-law

3

provisions in insurance agreements so long as they do not "violate New Jersey's public policy." *Instructional Systems, Inc. v. Computer Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992). The public policy exception — intended to protect less powerful parties in asymmetric negotiations — is generally not violated when similarly sophisticated parties have negotiated the choice-of-law provision and the plain language of the policy conveys that both parties intended for the laws of the named state to govern the provisions of the insurance contract. *See Diamond Shamrock Chemicals Co. v. Aetna Cas. & Sur. Co.*, 609 A.2d 440, 460 (N.J. Super. Ct. App. Div. 1992); *Fairfield Leasing Corp. v. Techni-Graphics, Inc.*, 607 A.2d 703, 707 (N.J. Super. Ct. Law. Div. 1992). Choice-of-law provisions allow the parties to provide uniformity of interpretation when the policy insures properties in multiple states, and will be enforced if the contract was freely entered into by two commercial entities with relatively equal bargaining power. *See Walters v. Am. Home. Assur.*, No. 09-4637, 2011 WL 4409170, *8 (D. N.J. Sept. 21, 2011) (upholding a choice-of-law provision in a multistate policy between two equally sophisticated corporations); *ERG Renovation & Const., LLC v. Delric Const. Co.,* 2014 WL 7506759, *6-7 (N.J. Super. Ct. App. Div. Jan. 12, 2015); *Johnson Matthey Inc. v. Pennsylvania Mfrs.' Ass'n Ins. Co.,* 593 A.2d 367 (N.J. Super. Ct. App. Div. 1991).

Here, the District Court properly found that Appellants are owned and managed by "a sophisticated commercial entity with insurable interests in over twenty different properties," one of which, as noted, was valued at $9,000,000. App. 7. The Insureds obtained their policies with Hudson by employing the use of a commercial insurance broker. While the insured properties were primarily located in New Jersey, a provision

4

designating a governing body of law was reasonable given that the policy also insured property in Pennsylvania and potentially insured mortgages originating in other states as well. Further, the plain language of the choice-of-law provision clarifies that the clause "is written in a form bargained for, reviewed and accepted by the parties," which conveys that the policy terms were the result of individualized negotiations between the policyholder and insurance provider. App. 72. Given that the terms of the policy were negotiated by a policyholder with relatively equal bargaining power, the District Court correctly found the policy's choice-of-law provision enforceable. Accordingly, New York law governs whether the policy's arbitration clause is enforceable.

## IV

The Insureds also contend that the arbitration clause would fail under New Jersey law because the plain text does not explicitly waive the right to litigate a dispute in court. They concede, however, that if New York law controls, the District Court properly applied New York law in finding the clause enforceable. Appellant Br., 24. While we take no position concerning New Jersey law in this regard, we agree no such waiver is required by New York jurisprudence. *See Williams v. Progressive Northeastern Ins. Co.,* 41 A.D.3d 1244, 1245 (N.Y. App. Div. 2007); *Matter of Ball (SFX Broadcasting)*, 236 A.D.2d 158, 162 (N.Y. App. Div. 1997). Where, as here, an agreement enforced by New York law contains a broad arbitration provision, "the court's inquiry is limited to whether or not the subject matter of this dispute is encompassed by its provisions." *Shazo v. Hierschler,* 282 A.D.2d 257, 258 (N.Y. App. Div. 2001). The Insureds' claims arise from Hudson's alleged failure to pay or adjust

5

insurance claims, which fall within the purview of the policy's arbitration clause.[3] We

therefore affirm the District Court's ruling to grant Appellee's motion to compel

arbitration.

---

[3]      The Arbitration Clause Endorsement of the insurance policy is as follows:

> If there is any dispute or disagreement as to the interpretation of the terms
> and conditions of this policy or the development, adjustment, and/or payment
> of any claim, they shall be submitted to the decision of a Joint Arbitrator that
> the Insured and Company shall appoint jointly. App. 72.