■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v CARLOS CASANOVA, Appellant.—In a proceeding to stay the arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Kings County (Levine, J.), dated February 4, 1988, which granted the petition to the extent of staying the arbitration until such time as the court in a personal injury action entitled *Casanova v New York Telephone* decides the issue of nonpermissive use.

Ordered that the order is modified, on the law, by deleting the phrase "the court in *Casanova v New York Telephone"* and substituting therefor the phrase "this court"; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

Inasmuch as the petitioner insurer is not a party to the personal injury action commenced by the appellant against the alleged owner and operator of the offending vehicle, New York Telephone, neither the doctrine of collateral estoppel nor that of res judicata can be invoked to bind it to a determination therein *(American Motorists Ins. Co. v North Country Motors,* 57 AD2d 158, 160; Siegel, NY Prac §§ 443, 458). Where, as here, there exists a genuine, nonarbitrable, threshold issue, the appropriate procedure is to stay arbitration pending a resolution of that issue at an evidentiary hearing or a preliminary trial *(Matter of Public Serv. Mut. Ins. Co. [Binder],* 121 AD2d 903; *Matter of Empire Mut. Ins. Co. [Zelin],* 120 AD2d 365; *Matter of National Gen. Ins. Co. [Makofske],* 100 AD2d 905; *Matter of Aetna Cas. & Sur. Co. v Smith,* 100 AD2d 751). Accordingly, arbitration is stayed pending resolution of the nonpermissive use issue at an evidentiary hearing to be conducted in the Supreme Court, Kings County, at which the operator and owner/self-insurer of the offending vehicle can be subpoenaed to testify. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.