■ In the Matter of GINA GRAVENESE et al., Respondents, v ALLSTATE INSURANCE COMPANY, Appellant. [666 NYS2d 710] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal is from an order of the Supreme Court, Westchester County (Rosato, J.), dated January 17, 1997, which, upon granting the petitioners' motion to renew their

motion to vacate the arbitration award, which motion was denied by an order of the same court dated September 6, 1996, granted the petition, vacated the arbitration award, and denied the appellant's cross application to confirm the arbitration award.

Ordered that the order is reversed, on the law, with costs, the motion to renew is denied, the proceeding is dismissed, the cross application to confirm the award is granted, and the award is confirmed.

The petitioners, Gina Gravenese and Vincent Tedesco, were involved in an automobile accident. This matter arises out of the arbitration of the petitioners' claims for supplementary uninsured motorist benefits. Gravenese contends that although in the course of the arbitration the arbitrator announced that he did not wish to hear any more of her evidence and that he had deemed her injuries "serious" as defined in Insurance Law § 5102 (d), and precluded her from submitting additional evidence, he subsequently issued an award finding she had not suffered a "serious injury". Although such actions by an arbitrator might constitute misconduct under CPLR 7511 (b) (1) under certain circumstances (*see, Matter of Lewis v County of Suffolk,* 70 AD2d 107), vacatur of the award is not warranted in this case.

In seeking to vacate the arbitration award, Gravenese offered the conclusory assertion that there was "much additional evidence" that she had intended to introduce. Thereupon the Supreme Court granted Gravenese leave to renew the application upon a more detailed explanation of the precise nature of the "additional evidence" she was precluded from providing.

However, upon the renewal motion Gravenese merely reviewed the medical evidence already submitted to the arbitrator, and in vague and conclusory terms, sought to establish that she had been prevented from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than the 90 days during the 180 days immediately following the accident.

In view of Gravenese's failure to support her claims with evidentiary proof, we conclude that she has not shown she was prejudiced by the arbitrator's conduct. Thus, the Supreme Court erred in vacating the arbitrator's award against Gravenese.

Moreover, the Supreme Court erroneously concluded that the separate issue raised with regard to the claim of the petitioner Vincent Tedesco was academic. The arbitrator did not agree with Tedesco's assertion that absent a timely

disclaimer or denial of coverage by the insurer pursuant to Insurance Law § 3420 (d), on the ground that he had not sustained a serious injury, he could recover for non-economic loss even in the absence of proof of a serious injury (*cf., Matter of General Acc. Ins. Co. v Lobritto,* 240 AD2d 493; *Matter of Unigard Ins. Group v Bothwell,* 237 AD2d 450).

Assuming arguendo that the arbitrator misconstrued the law in this regard, his conclusion was nevertheless neither irrational nor arbitrary and capricious, so as to justify vacating his award (*see, Matter of MVAIC v Aetna Cas. & Sur. Co.,* 89 NY2d 214; *Matter of Smith [Firemen's Ins. Co.],* 55 NY2d 224; *Morris v Government Empls. Ins. Co.,* 81 AD2d 880; *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442). Ritter, J. P., Sullivan, Goldstein and Lerner, JJ., concur.