[750 NYS2d 712]

Janine L. Cacciatore et al., Respondents, v New York Central Mutual Fire Insurance Company et al., Appellants.

Fourth Department, November 15, 2002

**APPEARANCES OF COUNSEL**

*Brown & Kelly, LLP,* Buffalo (*Joseph M. Schnitter* of counsel), for New York Central Mutual Fire Insurance Company, appellant.

*Roe, Shantz & Iacono,* Buffalo (*Michael A. Iacono* of counsel), for Hanover Insurance Company, appellant.

*Walsh, Roberts & Grace,* Buffalo (*Mark P. Della Posta* of counsel), for respondents.

PIGOTT, JR., P.J.

The single issue on these appeals is whether Supreme Court erred in denying defendants' cross motions to dismiss the action to recover supplementary uninsured motorist (SUM) benefits based upon lack of jurisdiction and to compel plaintiffs to submit the matter to arbitration. Whether arbitration is mandatory when there is a conflict between an insured and an insurer over the value of a SUM claim is a matter of first impression in the appellate courts of this state. We conclude that the order should be affirmed.

## I

Janine L. Cacciatore (plaintiff) was injured when she was struck by a motor vehicle owned by Hazel A. Gardner and insured under a motor vehicle insurance policy issued by Progressive Northwestern Insurance (Progressive) with limits of $25,000 per person. Progressive tendered the full $25,000 policy limit to plaintiff, and plaintiff, with the written consent of defendants, accepted that payment in settlement of her claim against the driver and owner. At the time of the accident, plaintiff was the named insured on a motor vehicle insurance policy with defendant New York Central Mutual Fire Insurance Company (New York Central), with SUM coverage in the amount of $50,000. Plaintiff was also insured under a separate policy issued by defendant Hanover Insurance Company (Hanover) to her husband, with SUM coverage of $500,000. Plaintiff filed claims against both defendants, who agree that New York Central's policy provides primary coverage, while Hanover's policy provides secondary coverage. Plaintiff demanded the full $25,000 of SUM coverage from New York Central, after offset of the payment by Progressive. New York Central refused, and plaintiffs then commenced the instant action.

## II

Defendants contend that the SUM endorsements that appear in both policies contain language prescribed by regulation (see 11 NYCRR 60-2.3 [f]), and that arbitration is therefore mandatory with respect to any dispute over the value of a SUM claim. The policy language at issue reads in pertinent part as follows:

"12. Arbitration. If any insured making claim under

this SUM coverage and we * * * do not agree as to the amount of payment that may be owing under this SUM coverage, *then, at the option and upon written demand of such insured, the matter * * * upon which such insured and we do not agree shall be settled by arbitration,* administered by the American Arbitration Association, pursuant to procedures prescribed or approved by the Superintendent of Insurance for this purpose.

*"If, however, the maximum amount of SUM coverage provided by this endorsement equals the amount of coverage required to be provided by section 3420 (f) (1) of the New York Insurance Law * * *, then such disagreement shall be settled by such arbitration procedures upon written demand of either the insured or us.*

"Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof, and any such insured and we each agree to be bound by any award made by the arbitrator as to this SUM coverage" (emphasis added).

Pursuant to the plain language of the first sentence of condition 12 of the SUM endorsement in both policies, if the insured and the insurer disagree upon the value of the insured's claim, then, "at the option" of the insured, the insured may by "written demand" seek arbitration that will be binding on both parties. If, however, the amount of the SUM coverage is no greater than the minimum uninsured motorist coverage that every policy must provide (*see* Insurance Law § 3420 [f] [1]), then such disagreement "shall be settled by such arbitration procedures upon written demand of either the insured or [the insurer]." In other words, if the limits are $25,000/$50,000, then any disagreement with respect to the value of the claim "shall" be settled by arbitration, which may be requested by the insurer as well as the insured. We agree with plaintiffs that, if arbitration were mandatory under the first sentence, which concerns SUM benefits greater than the minimum required, then there would be no need for the language mandating arbitration in the second sentence, which concerns minimum SUM coverage. Our interpretation of the policy language comports with the general principle that, "[i]n the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as

superfluous when it is practicable to give to each a distinct and separate meaning" (McKinney's Cons Laws of NY, Book 1, Statutes § 231; *see Cohen v Lord, Day & Lord*, 75 NY2d 95, 100). That general principle of statutory construction is equally applicable here.

## III

Accordingly, the order denying defendants' cross motions to dismiss and to compel plaintiffs to submit the matter to arbitration should be affirmed.

PINE, WISNER, KEHOE and GORSKI, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed, without costs.