■ FIDELIO RODRIGUEZ et al., Respondents, v METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant. [776 NYS2d 868]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated August 5, 2003, as denied that branch of its motion which was, in effect, for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was, in effect, for summary judgment is granted, and the complaint is dismissed.

The defendant issued an auto insurance policy to the plaintiff Fidelio Rodriguez (hereinafter Rodriguez) which, inter alia, provided uninsured, underinsured, and supplemental (hereinafter SUM) insurance coverage. When Rodriguez was injured in an accident in 1999, he brought an action against the other driver and notified the defendant of his intent to make a claim for SUM benefits under the defendant's policy. Pursuant to the terms of the SUM clause therein, the defendant demanded, inter alia, that the plaintiffs provide documentation regarding the settlement of their claim against the other driver and that tortfeasor's insurance coverage. In addition, the defendant demanded that Rodriguez undergo a physical examination by a doctor chosen by the defendant and an examination under oath. Without complying with the defendant's demands, Rodriguez settled the underlying tort action and demanded that the defendant pay the full policy amount under the SUM coverage. When the defendant insisted on compliance with its demands, the plaintiffs commenced this action.

An insurer's duty to pay SUM coverage begins when the insured demonstrates that the limit of his or her bodily injury coverage exceeds the same coverage in the tortfeasor's policy (*see Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso*, 93 NY2d 487, 493 [1999]; *Allstate Ins. Co. v DeMorato*, 262 AD2d 557 [1999]). The plaintiffs failed to provide the documentation to establish that their bodily injury coverage exceeded the policy limits available to the tortfeasor. Furthermore, the plaintiffs failed to meet several conditions precedent to payment of the SUM claim by declining to provide the documentation and undergo the medical examination demanded by the defendant (*see White v City of New York*, 81 NY2d 955 [1993]; *Matter of Integon Ins. Co. v Battaglia*, 292 AD2d 527 [2002]). Therefore, the Supreme Court should have granted that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint. Altman, J.P., Florio, Smith and Rivera, JJ., concur.