■ KEVIN RUSSELL, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [783 NYS2d 404]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Dye, J.), dated October 31, 2003, as denied his motion for summary judgment on the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court correctly concluded that the defendant, the plaintiff's supplementary uninsured motorist (hereinafter SUM) insurer, is not collaterally estopped from contesting his right to recover SUM benefits because it failed to intervene in the underlying personal injury action.

An insurer's duty to pay SUM benefits does not arise until the insured demonstrates that the limits of his or her bodily injury coverage exceeds the same coverage in the tortfeasor's policy and the limits of all available bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements (see Insurance Law § 3420 [f] [2]; Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso, 93 NY2d 487, 493 [1999]; Rodriguez v Metropolitan Prop. & Cas. Ins. Co., 7 AD3d 775 [2004]). Moreover, the doctrine of collateral estoppel applies only to those who, unlike the defendant, were either a party, or in privity with a party, to the original action or proceeding (see Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]; D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]).

In this case, the plaintiff's endorsement provided for more than the minimum amount of uninsured motorist coverage mandated by Insurance Law § 3420 (f) (1), and the plaintiff did not exercise his option to arbitrate the dispute (see 11 NYCRR 60-2.3 [f]). Therefore, it may be resolved through an action at law instead of arbitration (see Cacciatore v New York Cent. Mut. Fire Ins. Co., 301 AD2d 253 [2002]; cf. Mahmood v Fidelity & Guar. Ins. Co., 303 AD2d 385 [2003]). However, the amount of SUM benefits to which the plaintiff is entitled, if any, remains to be determined (see Insurance Law § 3420 [f] [1]; Matter of

*Gravenese v Allstate Ins. Co.,* 245 AD2d 507 [1997]). Santucci, J.P., Adams, Mastro and Fisher, JJ., concur.