■ DOROTA LINETTE, Appellant, v HANOVER INSURANCE COMPANY, Respondent. [814 NYS2d 608]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 19, 2005, denying plaintiff's motion for summary judgment and granting defendant's cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff sought a declaratory judgment in relation to a New Jersey insurance policy providing automobile coverage during her residency in New Jersey. She claims that under New Jersey law, defendant was collaterally estopped from relitigating issues already decided in an underlying personal injury action, where defendant had notice of both the litigation and the trial date, but chose not to intervene.

Collateral estoppel is essentially a procedural concept, and matters of procedure are governed by the law of the chosen forum (see Martin v Dierck Equip. Co., 43 NY2d 583, 588 [1978]). Although the New Jersey courts would apply collateral estoppel to preclude defendant from relitigating plaintiff's damages at arbitration (see Zirger v General Acc. Ins. Co., 144 NJ 327, 337-339, 676 A2d 1065, 1071 [1996]), the law and policy of New York precludes the application of this doctrine under the circumstances (see Buechel v Bain, 97 NY2d 295 [2001], cert denied 535 US 1096 [2002]). Hanover was not a party to the underlying action, and was not in privity with the party defendant there. While Hanover was on notice of the action, it did not intervene. Although New York has a permissive intervention statute, as does New Jersey, our courts recognize the potential prejudice to insurers forced to participate in personal injury matters (see Paramount Ins. Co. v Rosedale Gardens, 293 AD2d 235 [2002]). Thus, Hanover did not have a full and fair opportunity to be heard on the issues therein (see e.g. Matter of Allstate Ins. Co. v Casanova, 145 AD2d 630 [1988]). Accordingly, plaintiff is not entitled to a declaration, under New York law,

that defendant is bound by the judgment in the underlying personal injury action. This decision is specifically limited to the enforceability of the underlying judgment against Hanover in New York. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Malone, JJ.