■ Omar D. Williams, Appellant, v Progressive Northeastern Insurance Company, Respondent. [839 NYS2d 381]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 22, 2006 in a personal injury action. The order granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was injured when the motor vehicle in which he was a passenger was forced off the road by an unidentified vehicle, and he commenced this action seeking to recover supplementary uninsured/underinsured motorist (SUM) benefits under the insurance policy issued to the driver of the vehicle in which he was a passenger. Supreme Court properly granted defendant's pre-answer motion to dismiss the complaint. In support of the motion, defendant contended that, because plaintiff did not recover damages from the driver of the

unidentified vehicle, he is not entitled to seek SUM coverage but, rather, is in actuality seeking uninsured motorist (UM) coverage. Defendant further contended that, pursuant to the terms of its policy, arbitration of a dispute with respect to the amount owing under either the UM coverage or the SUM coverage is mandatory. We agree (*see Mahmood v Fidelity & Guar. Ins. Co.*, 303 AD2d 385 [2003]; *Cacciatore v New York Cent. Mut. Fire Ins. Co.*, 301 AD2d 253, 254-256 [2002]). Contrary to the contention of plaintiff, he is not entitled to a jury trial. "[J]ury trials are not mandated in all civil trials since the [NY] Constitution provides that such right may be waived . . . and . . . such waiver is effected by a consent to arbitration" (*Matter of Ball [SFX Broadcasting]*, 236 AD2d 158, 162 [1997], *appeal dismissed* 91 NY2d 921 [1998], *lv denied* 92 NY2d 803 [1998]). Here, plaintiff is seeking coverage as an insured person under the policy, and the mandatory arbitration provision applies to all insureds. In any event, we further note that plaintiff is a third-party beneficiary of the insurance policy, and it is well settled that "[a] third party is entitled only to those rights which the original parties to the contract intended the third party to have" (*Leavitt-Berner Tanning Corp. v American Home Assur. Co.*, 129 AD2d 199, 203 [1987], *lv denied* 70 NY2d 609 [1987]). Present—Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.