■ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v DAWN STEIERT, Respondent. ERICH JOHN BOHN et al., Proposed Additional Respondents. [842 NYS2d 494]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary underinsured/uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Phelan, J.), dated June 22, 2006, as, upon so much of an order of the same court dated February 10, 2005, as determined that New York Mutual Fire Insurance Company was collaterally estopped from challenging a disclaimer of coverage by the proposed additional respondent Kemper Auto and Home Insurance Company in an underlying action entitled *Steiert v Bohn*, pending in the Supreme Court, Nassau County, under index No. 5121/01, denied that branch of the petition which was to join Kemper Auto and Home Insurance Company as an additional respondent.

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs payable to New York Mutual Fire Insurance Company by the respondent Dawn Steiert and the proposed additional respondent Kemper Auto and Home Insurance Company, that branch of the petition which was to join Kemper Auto and Home Insurance Company as an additional respondent is granted, and the order dated February 10, 2005, is modified accordingly.

The respondent Dawn Steiert allegedly was injured in the underlying accident when a vehicle upon which she was sitting suddenly accelerated, causing her to fall off and strike her head on the pavement. She claimed insurance coverage for that accident pursuant to the supplementary uninsured/underinsured motorist (hereinafter SUM) provision of a policy issued to her mother by the petitioner, New York Central Mutual Fire Insurance Company (hereinafter New York Central).

New York Central commenced this proceeding, inter alia, to permanently stay arbitration of her claim. New York Central argued that coverage under the SUM provision was not available because Steiert had failed to exhaust all other coverage available for the underlying accident. New York Central as-

serted that additional coverage was available pursuant to a policy issued by Kemper Auto and Home Insurance Company (hereinafter Kemper). In opposition, Steiert and Kemper argued that a stay should be denied because Kemper had disclaimed coverage, and Steiert had unsuccessfully challenged the disclaimer in a declaratory judgment action. In the judgment appealed from, the Supreme Court, finding that New York Central was collaterally estopped from challenging the disclaimer, denied that branch of the petition which was to join Kemper. We reverse the judgment insofar as appealed from. "Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue raised in a prior action or proceeding and decided against that party or those in privity. . . . There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling. The litigant seeking the benefit of collateral estoppel must demonstrate that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party. The party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination." (*Buechel v Bain*, 97 NY2d 295, 303-305 [2001], *cert denied* 535 US 1096 [2002]; *see McDonald v Rose*, 37 AD3d 781 [2007]; *Goepel v City of New York*, 23 AD3d 344 [2005]; *Matter of Atlantic Mut. Ins. Co. v Lauria*, 291 AD2d 492 [2002]; *Fandy Corp. v Lung-Fong Chen*, 265 AD2d 450 [1999]).

Here, New York Central was not a party to the declaratory judgment action. Further, it was neither argued nor demonstrated that New York Central was in privity with a party to that action (*Russell v New York Cent. Mut. Fire Ins. Co.*, 11 AD3d 668 [2004]). In addition, New York Central demonstrated that it was not afforded a full and fair opportunity to contest the determination in the declaratory judgment action. Thus, collateral estoppel was not properly applied, and New York Central is entitled to litigate Kemper's disclaimer on the merits (*see generally Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467 [2005]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]). Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.