Colella v GEICO Gen. Ins. Co. (2018 NY Slip Op 05820)





Colella v GEICO Gen. Ins. Co.


2018 NY Slip Op 05820


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-02378
 (Index No. 7896/14)

[*1]Maria Colella, appellant, 
v
GEICO General Insurance Company, respondent.


Souren A. Israelyan, New York, NY, for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Albert J. Galatan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is obligated to provide supplementary uninsured/underinsured motorist benefits to the plaintiff, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated December 6, 2016. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint and denied the plaintiff's cross motion for summary judgment on the first cause of action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to provide supplementary uninsured/underinsured motorist benefits to the plaintiff.
In August 2010, the plaintiff allegedly was injured when the vehicle she was operating was struck by a vehicle owned and operated by Darrin F. Moran. In May 2014, the plaintiff commenced this action against GEICO General Insurance Company (hereinafter GEICO), the insurer of her vehicle at the time of the accident. In the first cause of action, the plaintiff sought a judgment declaring that she was entitled to supplementary uninsured/underinsured motorist (hereinafter SUM) benefits in the sum of $200,000 pursuant to her policy of insurance with GEICO. GEICO moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, and the plaintiff cross-moved for summary judgment on the first cause of action. In the order appealed from, the Supreme Court granted GEICO's motion and denied the plaintiff's cross motion. We affirm.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Nelson v Citiwide Auto Leasing, Inc., 154 AD3d 863, 864; see Leon v Martinez, 84 NY2d 83, 87-88; Gorbatov v Tsirelman, 155 AD3d 836, 837). "As a condition precedent to the obligation of the insurer to pay under the supplementary uninsured/underinsured motorists insurance coverage, the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements" (Insurance Law § 3420[f][2][A]; see Matter of Ducz v Progressive Northeastern Ins. Co., 113 AD3d 849, 850; Russell v New York Cent. Mut. Fire Ins. Co., 11 AD3d 668, 669). Here, the complaint failed to allege that the limit of the tortfeasor's insurance policy had been exhausted by payment (see Matter of Federal Ins. Co. v Watnick, 80 NY2d 539, 546; Matter of Continental Ins. Co. v Richt, 253 AD2d 818, 819-820; Matter of Polesky v GEICO Ins. Co., 241 AD2d 551, 552; Matter of Sutorius v Hanover Ins. Co., 233 AD2d [*2]332, 333-334).
Contrary to the plaintiff's contention, GEICO is not collaterally estopped from contesting her right to recover SUM benefits even though it did not intervene in the underlying personal injury action that she brought against Moran (see Linette v Hanover Ins. Co., 29 AD3d 338, 338; Russell v New York Cent. Mut. Fire Ins. Co., 11 AD3d at 669). "[T]he doctrine of collateral estoppel applies only to those who, unlike [GEICO], were either a party, or in privity with a party, to the original action or proceeding" (Russell v New York Cent. Mut. Fire Ins. Co., 11 AD3d at 669; see Matter of Allstate Ins. Co. v Casanova, 145 AD2d 630, 631). Accordingly, we agree with the Supreme Court's determination to grant that branch of GEICO's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action seeking a judgment declaring that the plaintiff was entitled to SUM benefits pursuant to her policy of insurance with GEICO. For the same reasons, we agree with the Supreme Court's determination to deny the plaintiff's cross motion for summary judgment on the first cause of action.
The record also supports the Supreme Court's granting of those branches of GEICO's motion which were pursuant to CPLR 3211(a)(7) to dismiss the remaining causes of action, as the plaintiff's allegations failed to state a viable cause of action (cf. Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976-977).
The references in the plaintiff's brief to evidence not before the Supreme Court and to events occurring subsequent to the date of the order appealed from are not properly before this Court (see Wilson v Wilson, 21 AD3d 548, 549).
Since this is in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that GEICO is not obligated to provide supplementary uninsured/underinsured motorist benefits to the plaintiff.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court