Matter of Country-Wide Ins. Co. v Hills (2019 NY Slip Op 04694)





Matter of Country-Wide Ins. Co. v Hills


2019 NY Slip Op 04694


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-05775
 (Index No. 715098/17)

[*1]In the Matter of Country-Wide Insurance Company, appellant, 
v
Susanne Hills, et al., respondents- respondents; Laura Nesha Dulin, et al., proposed additional respondents-respondents.


Jaffe & Velazquez, New York, NY (Jean H. Kang of counsel), for appellant.
Krentsel & Guzman, New York, NY (Jason Herbert of counsel), for respondents-respondents Susanne Hills and Precious Hills.
Gail S. Lauzon (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for proposed additional respondents-respondents Laura Nesha Dulin and GEICO Indemnity Company.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits or, in the alternative, to temporarily stay arbitration and to add Laura Nesha Dulin and GEICO Indemnity Company as additional respondents in the proceeding, the petitioner appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered April 11, 2018. The order denied the petition and dismissed the proceeding.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the petition which were to temporarily stay arbitration and to add Laura Nesha Dulin and GEICO Indemnity Company as additional respondents in the proceeding and dismissing those portions of the proceeding, and substituting therefor a provision granting those branches of the petition; as so modified, the order is affirmed, with one bill of costs to the appellant payable by the respondents-respondents and the proposed additional respondents-respondents, and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including the amendment of the caption in accordance herewith.
On July 3, 2015, the respondents allegedly were injured when their vehicle was struck by a vehicle owned by the proposed additional respondent Laura Nesha Dulin and insured by the proposed additional respondent GEICO Indemnity Company (hereinafter GEICO). The respondents served a demand for uninsured motorist arbitration upon the petitioner.
The petitioner commenced this proceeding to permanently stay arbitration of the respondents' claim on the ground that the offending vehicle was insured at the time of the accident. In the alternative, the petitioner sought to temporarily stay arbitration and to add Dulin and GEICO as additional respondents in the proceeding. In opposition, the respondents and the proposed additional respondents contended, in effect, that GEICO was not liable for the payment of benefits, and that the petitioner is collaterally estopped from challenging a finding made in an underlying [*2]personal injury action entitled Hills v Mendolia and Stenz, pending in the Supreme Court, Queens County, under Index No. 11726/15, that Dulin was not liable to pay damages to the respondents.
In an order entered April 11, 2018, the Supreme Court found that the petitioner was collaterally estopped from challenging Dulin's nonliability, and denied the petition. The petitioner appeals.
It is undisputed that the Dulin vehicle was insured by GEICO at the time of the accident. Nonetheless, the respondents and the proposed additional respondents contend that, based on the prior finding of Dulin's nonliability in the personal injury action, the petitioner is collaterally estopped from denying the claim for uninsured motorist benefits. The respondents and the proposed additional respondents failed to demonstrate that the petitioner, who was not a party to the prior personal injury action, was in privity with a party to that action (see Buechel v Bain, 97 NY2d 295, 303; Matter of New York Cent. Mut. Fire Ins. Co. v Steiert, 43 AD3d 1065, 1067; Russell v New York Cent. Mut. Fire Ins. Co., 11 AD3d 668, 669; cf. Matter of Zurich Am. Ins. v Hereford Ins. Co., _____ AD3d _____ [decided herewith]). The controversy between the petitioner and GEICO as to which insurer is liable for the payment of benefits remains to be determined.
Accordingly, those branches of the petition which were to temporarily stay arbitration and to add Dulin and GEICO as additional respondents should have been granted.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court