Dalton v Dalton (2019 NY Slip Op 05384)





Dalton v Dalton


2019 NY Slip Op 05384


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-07422
 (Index No. 52820/16)

[*1]Archie C. Dalton, et al., appellants, 
v
Jack Bradford Dalton, defendant, Nanette A. Dalton, respondent.


Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Jon Holden Adams of counsel), for appellants.
Ostertag O'Leary Barrett & Faulkner, Poughkeepsie, NY (Sharon M. Faulkner of counsel), for respondent.



DECISION & ORDER
In an action to impose a constructive trust upon the proceeds from a sale of real property, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated May 25, 2018. The order granted the motion of the defendant Nanette A. Dalton pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her based on the doctrine of collateral estoppel.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Nanette A. Dalton pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her is denied.
The plaintiffs are the parents of the defendant Jack Bradford Dalton. The defendant Nanette A. Dalton (hereinafter the defendant) is the former spouse of Jack Bradford Dalton. The plaintiffs commenced this action to impose a constructive trust upon the proceeds from the sale of certain real property, which were, in part, disbursed to Jack Bradford Dalton and the defendant in a prior divorce action. The plaintiffs alleged that the plaintiff Archie C. Dalton, the defendant's former father-in-law, advanced certain funds in connection with the acquisition and improvement of the subject property, with the understanding that the advances were loans which would be repaid. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her, arguing that the plaintiffs were collaterally estopped from seeking to impose a constructive trust on the proceeds from the sale of the subject property because they failed to intervene in the divorce action, in which the sale proceeds were subjected to equitable distribution. In an order dated May 25, 2018, the Supreme Court granted the defendant's motion. The plaintiffs appeal.
"The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 790, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). "The doctrine of collateral estoppel applies when: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full [*2]and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits'" (Bank of N.Y. Mellon v Chamoula, 170 AD3d at 790, quoting Conason v Megan Holding, LLC, 25 NY3d 1, 17 [internal quotation marks omitted]). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues" (Matter of Dunn, 24 NY3d 699, 704).
The doctrine of collateral estoppel can only be applied to those who, unlike the plaintiffs, were either parties or in privity with a party to the prior action or proceeding (see Colella v GEICO Gen. Ins. Co., 164 AD3d 745, 746-747; Russell v New York Cent. Mut. Fire Ins. Co., 11 AD3d 668, 669; Searles v Main Tavern, 28 AD2d 1136). Contrary to the defendant's contention, that the plaintiffs did not seek to intervene in the prior divorce action involving their son and the defendant does not collaterally estop them from maintaining this action to impose a constructive trust on real estate sale proceeds (see Colella v GEICO Gen. Ins. Co., 164 AD3d at 746-747; Russell v New York Cent. Mut. Fire Ins. Co., 11 AD3d at 669; Searles v Main Tavern, 28 AD2d 1136). Moreover, the defendant failed to demonstrate that the issue of whether the plaintiffs were entitled to impose a constructive trust upon the sale proceeds due to alleged loans made by the plaintiff Archie C. Dalton was actually litigated and necessarily decided in the prior divorce action (see Ricci v Redfern, 17 AD3d 559, 560).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court