Martinez v Hanover Ins. Group (2024 NY Slip Op 51752(U))

[*1]

Martinez v Hanover Ins. Group

2024 NY Slip Op 51752(U)

Decided on December 23, 2024

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 23, 2024
Supreme Court, Bronx County

Pedro Maldonado Martinez, Plaintiff(s),

against
The Hanover Insurance Group, Defendant(s).

Index No. 805719/2023E

Ashlee Crawford, J.

Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed NYSCEF No(s).4-13
Answering Affidavit and Exhibits NYSCEF No(s). 15-23
Replying Affidavit and Exhibits NYSCEF No(s). XXXXX
Upon the foregoing papers, and due deliberation being held, the Court finds as follows:
Defendant moves pre-answer to dismiss the complaint pursuant to CPLR § 3211(a)(2)[FN1]
on the ground that the parties' arbitration agreement divests the Court of subject matter jurisdiction over this dispute.
This case arises out of a July 28, 2021 motor vehicle accident that allegedly occurred at the intersection of Grand Concourse and East 183rd Street, Bronx, New York (NYSCEF Doc. No. 7 at ¶¶ 14-15 [Complaint]). At the time of the accident, plaintiff was operating a vehicle owned by his employer, non-party United Building Maintenance Associates Inc. ("United"), which collided with a vehicle operated by non-party Moussa Konita and owned by non-party Sonkouna Djaguely (id. at ¶¶ 2, 13, 15-16). Plaintiff alleges that he sustained a serious injury as a result of the accident (id. at ¶¶ 18-19).
The Djaguely vehicle was insured by State Farm Insurance Corporation with a $25,000.00/$50,000.00 policy limit (id. at ¶¶ 22-24). The United vehicle was insured by defendant Hanover Insurance Co. under policy no. XXXXXXX (the "Policy"), which provides for $1,000,000 in supplementary uninsured/underinsured motorist ("SUM") coverage (Complaint at ¶¶ 7-10; NYSCEF Doc. No. 9 at 9 [Policy]). The Policy contains an arbitration clause, which provides in relevant part that:
"(a) If any insured makes a claim under this SUM coverage and we do not agree that such insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, or we do not agree as to the amount of payment that may be owing under this SUM coverage, then, at the option and upon written demand of such insured, the matter or matters upon which such insured and we do not agree shall be settled by arbitration [ . . . ], pursuant to procedures approved by the Superintendent of Financial Services for this purpose.
(b) If the maximum amount of SUM coverage provided by this endorsement equals the amount of coverage required to be provided by New York Insurance Law section 3420(f)(1) and New York Vehicle and Traffic Law Article 6 or 8, then such disagreement shall be settled by such arbitration procedures upon written demand of either the insured or us" [Policy at 100, SUM Endorsement § 11 (emphasis added)].
State Farm tendered its policy limit of $25,000, which plaintiff accepted in settlement of his claims against Konita and Djaguely. However, plaintiff asserts that the value of his injuries far exceeds $25,000, and demands judgment of $975,000 (Complaint at ¶¶ 26-27, 33).
In support of its motion, defendant argues that the arbitration clause in the SUM endorsement is incorporated into the Policy and is part of the terms and conditions of coverage, and plaintiff, as an additional insured, is bound thereby. Defendant further argues that the endorsement contained in the Policy is the statutory endorsement proscribed by 11 NYCRR 60—2.3, and cannot be deviated from. It contends that plaintiff cannot maintain this action, and the Court lacks subject matter jurisdiction, because plaintiff has not satisfied the condition precedent to litigation found in paragraph 14 of the endorsement. That section, entitled "Action Against Company," provides that "[n]o lawsuit shall lie against us unless the insured or the insured's legal representative has first fully complied with all the terms of this SUM coverage" (Policy at 100, SUM Endorsement § 14). Defendant claims that plaintiff has not satisfied other conditions precedent to litigation by submitting to an examination under oath (EUO) and independent medical examination (IME)(see Policy at 98, SUM Endorsement §§ 2-3).
Plaintiff argues in opposition that arbitration is not mandatory according to the plain language of the SUM endorsement and arbitration clause, and, rather, may be selected "at the option" of the insured when the insured and insurer disagree on the value of the claim (see Policy at 100, SUM Endorsement § 11[a]). Plaintiff contrasts the foregoing language with the language in section 11(b) of the endorsement, which he insists contains an example of mandatory arbitration language. Plaintiff further argues that he has complied with all conditions precedent to litigation set forth in the endorsement. He notes that he voluntarily provided his medical records to defendant (see Exs. E-F to Burdzy Affirm.), and that while defendant reserved its right to request that plaintiff submit to an EUO and IME (see Ex. G to Burdzy Affirm.), it did not notice either prior to filing this motion. Plaintiff states that he is ready and [*2]willing to appear for both such examinations.
It has long been the policy of this State to interfere as little as possible with the freedom of consenting parties in structuring their arbitration relationship (Brady v Williams Capital Group, L.P., 14 NY3d 459, 465 [2010]; Credit Suisse First Boston Corp. v Pitofsky, 4 NY3d 149, 155 [2005]). It is "for the court in the first instance to determine whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement" (Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, 67 NY2d 997, 998 [1986]). "The court's inquiry ends, however, where the requisite relationship is established between the subject matter of the dispute and the subject matter of the underlying agreement to arbitrate" (id.).
It is undisputed that the language of the Policy here is clear and unambiguous and, as such, must be enforced according to the plain meaning of its terms (Greenfield v Philles Recs., Inc., 98 NY2d 562, 569 [2002]). The Court agrees with the reading of the arbitration clause advanced by plaintiff: the terms of section 11(a), which apply here, clearly give the insured the "option" to demand arbitration, but do not mandate it (see Cacciatore v New York Cent. Mut. Fire Ins. Co., 301 AD2d 253, 255-256 [4th Dept 2002]; see also Russell v New York Cent. Mut. Fire Ins. Co., 11 AD3d 668, 669 [2d Dept 2004]; Policy at 100, § 11[a]). By contrast, the mandatory arbitration language found in section 11(b) of the endorsement only applies where the amount of SUM coverage in the Policy equals the statutory minimum (see Mahmood v Fid. & Guar. Ins. Co., 303 AD2d 385 [2d Dept 2003]; see also Serrano v Progressive Ins. Companies, 123 AD3d 1000 [2d Dept 2014]; Williams v Progressive Northeastern Ins. Co., 41 AD3d 1244, 1244-45 [4th Dept 2007], lv denied 9 NY3d 808 [2007]). As the Policy provides for $1,000,000 in SUM coverage, more than the statutory minimum, section 11(a), rather than section 11(b), of the endorsement applies. Thereunder, plaintiff, as an insured, may choose to arbitrate, but is not required to do so.
Concerning whether plaintiff satisfied conditions precedent to litigation, the plain language of the Policy requires plaintiff to submit to an EUO or IME as defendant may reasonably require (Policy at 98, §§ 2[b], 3). Defendant provides no proof that it ever noticed an EUO or IME, or that plaintiff failed to appear as required. While defendant still may exercise that right during the pendency of this litigation, the Policy does not require plaintiff to appear for such examinations prior to commencing suit where defendant has not so demanded. A contrary outcome would give the insurer control over whether and when an insured could comply with the conditions precedent to litigation under section 11(a), which is not supported by the terms of the endorsement.
Accordingly it is hereby
ORDERED that defendant's motion to dismiss the complaint based on lack of subject matter jurisdiction, and in favor of arbitration, is DENIED; and it is further
ORDERED that defendant shall file and serve an answer within 30 days of entry of this order.
This constitutes the decision and order of the Court.
Dated: 12/23/24
Ashlee Crawford, A.J.S.C.

Footnotes

Footnote 1:While defendant erroneously cites CPLR § 3211(a)(7) in his notice of motion, the Court will deem the motion as having been made under CPLR § 3211(a)(2).